IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLES W. MCNABB, JR., ) | Civil Action No.: 4:06-cv-0056-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pending before the Court is the United States' [Docket Entry #9] Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**Procedural History and Factual Background**

Plaintiff, Charles W. McNabb, Jr., (hereinafter referred to as "McNabb") is a former employee of the United States Postal Service who suffered on the job injuries to his left foot and ankle on September 28, 1983, and again on May 20, 2000. The injuries to McNabb's left foot and ankle were so severe that they eventually led to the amputation of his left leg just below the knee in November of 2004. Because the injuries to McNabb's left foot and ankle were suffered by a federal employee while on the job, the handling of his claims with regard to those injuries was provided for by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*

According to the Amended Complaint, by June 16, 2004, McNabb began to face the prospect of leg amputation. As a result, on or about June 16, 2004, McNabb requested psychological intervention benefits from the Department of Labor to treat the extreme mental anguish, emotional pain, severe depression and pronounced anxiety he was experiencing in

connection with the prospect of losing his left leg below the knee. According to the Amended Complaint, McNabb's claims for psychological treatment were denied until on or about the third week of June 2005,[1] when the Department of Labor, Office of Worker's Compensation Programs ("OWCP"), granted his claim for psychological and/or psychiatric benefits.

On January 5, 2006, McNabb instituted this action against the Secretary of the Department of Labor and the United States seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671, *et seq*. On March 24, 2006, McNabb filed an Amended Complaint only against the United States, also seeking damages under the FTCA, in which he alleged that he suffered emotional pain, mental anguish, pronounced chronic depression, loss of enjoyment of life, and disabling anxiety as a result of carelessness, negligence and wholly reckless conduct of the agents of the OWCP. As stated in McNabb's Response to Defendant's Motion to Dismiss, "Plaintiff claims emotional distress injuries for the failure of OWCP to provide appropriate psychological care and treatment from on or about June of 2004, to June of 2005." Response to Defendant's Motion to Dismiss, at pg. 10 [Docket Entry #13].

On April 26, 2006, the United States filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure a motion to dismiss the amended complaint for lack of subject matter jurisdiction arguing that McNabb's Federal Tort Claims lawsuit was barred by the exclusivity provisions of FECA and that McNabb's exclusive remedy was under FECA because his alleged emotional distress injuries were related to his federal employment.

---

[1] The United States disputes that date and claims that the Secretary accepted McNabb's emotional condition and approved McNabb for psychological treatment on April 4, 2005. However, when considering a Motion to Dismiss the Court must view the facts presented by the plaintiff as true.

2

## Analysis

A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The plaintiff has the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768. "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides that "the United States will pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty. . . ." 5 U.S.C. § 8102(a); 20 C.F.R. § 10.1. FECA provides a wide range of benefits including payment of wage loss, compensation for partial or total disability, related medical costs and vocational rehabilitation, and schedule awards for loss of use of specified members of the body. 5 U.S.C. §§ 8103-8113.

The Secretary of Labor ("the Secretary") has exclusive authority to administer FECA, including the power to decide all questions arising under the program (5 U.S.C. § 8145), and the right to prescribe rules and regulations necessary for the enforcement of the Act. 5 U.S.C. § 8149. The Secretary has delegated this authority to the OWCP. 20 C.F.R. §

10.2. The OWCP implements all aspects of the program, including the review of applications for benefits. After completing such investigation as it deems necessary, OWCP issues a determination allowing or denying compensation. 5 U.S.C. § 8124(a).

If a FECA claimant considers himself aggrieved by the OWCP's final determination, FECA provides numerous opportunities for administrative review. From the date of the decision, the claimant may seek review in the following ways:

> 1) within 30 days, request a hearing before an OWCP hearing representative or request that such representative review the written record, 5 U.S.C. § 8124(b), 20 C.F.R. §§10.615-10.622;
> 2) within one year, request reconsideration, 5 U.S.C. § 8128, 20 C.F.R. §§10.605-10.610; or
> 3) within one year, file an appeal with the Employees' Compensation Appeals Board. 20 C.F.R. Part 501.

In return for a comprehensive compensation scheme not contingent upon fault, Congress framed FECA as the exclusive remedy. Section 8116 of FECA articulates this principle, stating that "the liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is *exclusive*." 5 U.S.C. § 8116(c) (emphasis added). Thus, the Secretary, and by delegation the OWCP, has exclusive authority to dictate the bounds of FECA exclusivity. The statutory language of FECA provides that the Secretary's determinations on FECA coverage are "final and conclusive for all purposes and with respect to all questions of law and fact" and are "not subject to review by another official of the Unites States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b).

The question currently facing this Court is whether the specific injuries alleged by McNabb in this lawsuit arose while in the performance of his duty as a federal employee and

therefore fall within the coverage of FECA. If McNabb's injuries are within the coverage of FECA, his only remedy is under FECA and his current FTCA action would be barred. The Court finds that this case is analogous to *Noble v. United States*, 216 F.3d 1229 (11th Cir. 2000). Just as in the instant case, in *Noble*, the plaintiff brought suit under the FTCA against the United States seeking damages for injuries allegedly caused by the OWCP's delay in authorizing treatment. *Noble*, 216 F.3d at 1235. The United States filed a motion to dismiss for lack of subject matter jurisdiction arguing the same grounds argued by the United States in the instant case; i.e. that FECA was the plaintiff's exclusive remedy for the injuries alleged and that, therefore, the plaintiff was barred from bringing a lawsuit under the FTCA. The district court in *Noble* found that there was a substantial question as to whether FECA covered the alleged injury. *Id*. at 1233. In other words, there was a substantial question as to whether the plaintiff's injuries alleged in the FTCA lawsuit arose out of and in the course of his federal employment. Finding a substantial question as to FECA coverage, the district court held in abeyance the plaintiff's FTCA lawsuit and directed the plaintiff to file a claim with the OWCP seeking additional compensation under FECA for the specific injuries alleged in the FTCA lawsuit. *Id*. The plaintiff then filed a claim with the OWCP for the specific injuries alleged in the FTCA lawsuit. Following the OWCP's denial of compensation, the district court found that the Secretary had determined that the plaintiff's alleged injuries stemming from the OWCP's delay in authorizing treatment fell within the coverage of FECA, but were not compensable injuries under the statute's limited remedies. *Id*. The district court then dismissed the plaintiff's FTCA lawsuit ruling that it lacked jurisdiction to review the Secretary's determination that the OWCP's delay in authorizing treatment fell within the

coverage of FECA but was not compensable due to FECA's limited remedies. *Id*. at 1236.

In affirming the district court's rulings, the Eleventh Circuit stated:

> [A]n injured employee may not bring an action against the United States under FTCA when there is a "substantial question as to whether or not the injury occurred in the performance of the employee's duty" so as to bring it within the coverage of FECA. Where a federal employee brings an action against the United States and there is a substantial question as to whether FECA provides the employee's exclusive remedy for the alleged injury, the district court must do what the district court did in the instant case: hold the action in abeyance pending a coverage determination by the Secretary. A substantial question of coverage exists unless the court determines "as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage of" the alleged injury.
>
> If the Secretary finds no FECA coverage of the alleged injury, the plaintiff is then free to proceed under the FTCA. If the Secretary determines the injury falls within FECA's coverage, the federal courts generally lack jurisdiction to review the Secretary's decision to award or deny compensation for the injury.

*Id*. at 1235 (internal citations omitted).

The Court finds the Eleventh Circuit's decision in *Noble* persuasive and on point with the current case. Here, McNabb argues that his injuries did not arise from his federal employment, but arose as a result of the delay of the OWCP in authorizing psychological treatment for the psychological and emotional distress he experienced from facing the prospect of losing his left leg. To date, the Secretary has made no determination as to whether the specific injuries alleged by McNabb in this lawsuit fall within the coverage of FECA. At this point, the Court cannot say that as a matter of law, viewing all of the circumstances, that the Secretary could not find FECA coverage of the injuries McNabb has alleged in the current lawsuit. Thus, there is a substantial question as to whether the specific injuries alleged by

McNabb fall within the coverage of FECA. Because there is a substantial question as to FECA coverage in this case, material jurisdictional facts remain in dispute precluding this Court from granting the United States' motion to dismiss for lack of subject matter jurisdiction. *See Evans*, 166 F.3d at 647. Accordingly, the United States' motion to dismiss for lack of subject matter jurisdiction is denied without prejudice with leave to refile pending a final determination by the Secretary as to whether the specific injuries alleged by McNabb in this case fall within the coverage of FECA.

## Conclusion

For the reasons stated above, the United States' [Docket Entry #9] Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED WITHOUT PREJUDICE** with leave to refile pending a final determination by the Secretary as to whether the injuries alleged by McNabb in this case fall within the coverage of FECA. McNabb is hereby **ORDERED** to promptly file a claim with the OWCP seeking additional compensation for the specific injuries alleged in this case. Failure to file a claim with the OWCP may be deemed by this Court to be a failure to prosecute the instant case, which could subject the matter to dismissal on that basis under Federal Rule of Civil Procedure 41(b). In the meantime, this case is **STAYED** pending the Secretary's final determination as to FECA coverage. The parties shall provide the Court with status updates every sixty (60) days regarding the filing of the claim and shall notify the Court when a final determination as to FECA coverage has been made by the Secretary at which point the stay will be lifted.

**IT IS SO ORDERED**.

(Signature page to follow)

Florence, South Carolina                                s/ R. Bryan Harwell
March 28, 2007                                          R. Bryan Harwell
                                                        United States District Judge